# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL JONES,<br>    **Plaintiff,**<br><br>    v.<br><br>PENNSYLVANIA STATE POLICE AND<br>MIKE TINNENY,<br>    **Defendants.** | CIVIL ACTION<br><br><br><br>NO. 16-4205 |

## MEMORANDUM OPINION

Before the Court is a petition for attorney's fees in a hostile work environment case brought against the Pennsylvania State Police ("PSP") and Sergeant Mike Tinneny. Attorney Brian Puricelli seeks $750 per hour for work performed in this case and $8,875.45 in costs. For the reasons that follow, the fee request shall be granted in part.

### I. BACKGROUND

Plaintiff Rachel Jones filed suit in August 2016, asserting various claims under Title VII of the Civil Rights Act of 1968 and the Pennsylvania Human Relations Act ("PHRA") against the PSP, her supervisor Sergeant Mike Tinneny, and State Trooper Craig Acord, based on the harassing conduct of Acord in the workplace. Specifically, after Plaintiff and Acord ended their relationship, Acord made several advances at Plaintiff despite her repeated refusal.

Some of Plaintiff's Title VII and PHRA claims were dismissed at the Rule 12(b)(6) stage. *See Jones v. Pa. State Police*, 2016 WL 7404478 (E.D. Pa. 2016). Acord eventually settled with Plaintiff. Defendant PSP, on the other hand, moved for summary judgment on Plaintiff's remaining Title VII and PHRA claims for hostile work environment and retaliation. Sergeant Tinneny moved for summary judgment as to the PHRA claims for aiding and abetting the hostile work environment and retaliation. Plaintiff's hostile work environment claim against the PSP

and aiding-and-abetting a hostile work environment claim against Sergeant Tinneny survived summary judgment. *See Jones v. Pa. State Police*, 2017 WL 4386994 (E.D. Pa. 2017). The case proceeded to trial on these claims.

After a four-day trial, the jury awarded Plaintiff $250,000 on her hostile work environment claim against the PSP. Sergeant Tinneny was found not liable. Counsel for Plaintiff now seeks $750 per hour for his work and $8,875.45 in costs for his success in litigating Plaintiff's Title VII and PHRA claim.

## II. LEGAL STANDARD

At its discretion, a court may award reasonable attorney's fees to the prevailing party in a Title VII case. 42 U.S.C. § 2000e-5(k); *CRST Van Expedited, Inc. v. EEOC*, 136 S.Ct. 1642, 1646 (2016). The party seeking attorney's fees has the burden of proving that the request is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). To satisfy this burden, the "fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "[T]he party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Id*. Once the opposing party lodges objections to the fee petition, "the district court has a great deal of discretion to adjust the fee award in light of those objections." *Id*.

## III. DISCUSSION

As an initial matter, Plaintiff here is a "prevailing party" within the meaning of Title VII's attorney's fees provision. 42 U.S.C. § 2000e-5(k). Plaintiff has secured an "enforceable judgment on the merits," obtaining a $250,000 jury award for her hostile work environment claim under Title VII. *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 231 (3d Cir.

2011). Therefore, the question is what amount of attorney's fees would be reasonable under the circumstances.

To calculate a reasonable attorney's fee award, "we use the 'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001) (citing *Hensley*, 461 U.S. at 433). Plaintiff here has the burden of submitting evidence supporting the hours worked and rates claimed. *Hensley*, 461 U.S. at 433. If the documentations of hours is lacking, "the district court may reduce the award accordingly." *Id*. Further, "[t]he district court also should exclude from this initial fee calculations hours that were not 'reasonably expended.'" *Id*. at 434. A fee award may not be decreased "based on factors not raised at all by the adverse party." *Loughner*, 260 F.3d at 178.

### a. Hours Reasonably Expended by Puricelli

In determining the hours reasonably expended, "the District Court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Id.* at 177 (internal quotation marks omitted). "Thus, the District Court has a positive and affirmative function in the fee fixing process, not merely a passive role." *Id*. Plaintiff has submitted time entries for work performed by Brian Puricelli and his former associate, Alexis Lehmann.[1]

Defendant claims that Puricelli's hours should be reduced because: (1) he seeks fees for tasks related to litigating Plaintiff's claim against Acord; (2) he has provided unclear timesheets that render it difficult to calculate the lodestar figure; and (3) certain tasks he performed were

---

[1] Puricelli assumed all responsibilities over the case in fall of 2016.

redundant and the number of hours he worked is generally unreasonable. Each argument will be considered in turn.

> i. Hours Spent on Litigation Against Acord

"The court can reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed." *Rode*, 892 F.2d at 1183. Plaintiff prevailed only on her hostile work environment claim against the PSP. Thus, the following time entries devoted to litigating Plaintiff's tort claim against Acord shall be excluded:

| *Date* | *Description* | *Hours Billed* |
|---|---|---|
| February 17, 2017 | Accord settlement agreement received, reviewed, client contacted RE agreement. Confirmed | 0.5 |
| July 6, 2017 | Set conf in court train 11.75 portal to portal[2] | 3.0 |
| July 7, 2017 | Set phone conf re: Accord [sic] settlement | 0.2 |
| July 8, 2017 | ECF in – minutes for set conf on 7th | 0.1 |

> ii. Clarity of Timesheets

"Any hours to be used in calculating attorneys' fees must be detailed with sufficient specificity." *Keenan v. City of Phila.*, 983 F.2d 459, 472 (3d Cir. 1992). A fee petition must be "specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Id*. (internal quotation marks omitted). The fee petition should include "some fairly definite information as to the hours devoted to various general activities, e.g. pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g. senior partners, junior partners, associates." *Id*. (internal quotation marks omitted).

---

[2] As Defendants contend, the July 6-8, 2017 entries refer to a settlement conference between Plaintiff and Acord. Puricelli does not dispute this assertion.

4

Despite his various misspellings and counterintuitive abbreviations, Puricelli has, for the most part, produced sufficiently clear time sheets. Although Defendants take issue with entries that include multiple tasks and that fail to describe the amount of time spent on each task, such specific billing practices are not required for a fee petition. *Id.* ("[I]t is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.") (internal quotations omitted). In other words, by providing "computer-generated time sheet[s]" that include "the date the activity took place," Puricelli has satisfied the specificity requirement.[3] *Id.*

### iii. Excessive Hours

Defendants identify one instance of a billing redundancy in which Puricelli billed twice for reading an identical transcript. Puricelli's entry on February 3, 2017 for spending 0.9 hours in re-reading the transcript shall thus be excluded from the lodestar calculation.

Defendants have not otherwise met their burden in challenging the total number of hours billed by Puricelli. Defendants, in particular, contend that "an estimation of a reasonable amount of time for each part of the litigation" should be used to calculate Puricelli's total hours. But their request to wholesale reduce hundreds of hours from Puricelli's billings is not warranted; Defendants have failed to provide "sufficient specificity to give fee applicants notice" of their objections to the hours billed besides a conclusory statement that the number of hours worked is unreasonable. *Rode*, 892 F.2d at 1183. Indeed, this Court "may not reduce an award *sua sponte*" but must instead do so "in response to specific objections made by the opposing party." *Interfaith Cmty. Org. v. Honeywell Int'l*, 426 F.3d 694, 711 (3d Cir. 2005). Accordingly,

---

[3] Insofar as Defendants contend that certain time entries were incomprehensible, Puricelli has adequately clarified the tasks performed in his reply briefing.

Puricelli's hours will not be reduced based on Defendants' generalized assertion of unreasonableness.

> *iv. Total Number of Hours Excluded*

In sum, **4.7 hours** billed by Puricelli will be excluded as excessive.

**b. Reasonable Rate for Puricelli's Services**

"Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Loughner*, 260 F.3d at 180. "The court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (internal quotation marks omitted). The prevailing party has the burden of establishing, "by way of satisfactory evidence, in addition to the attorney's own affidavits . . . that the requested hourly rates meet this standard." *Id.* (internal quotation marks omitted). Puricelli seeks $750 per hour for all work performed in this litigation.

Puricelli has failed to satisfy his burden in showing that this rate is appropriate. Other than his own declaration, Puricelli has submitted no evidence in support of this proposed figure. Indeed, Puricelli based this rate on the hourly rate he has apparently charged since 2016 without indicating how it compares with those of his peers. The Court will instead apply a dual hourly rate structure for Puricelli's trial and non-trial work. *Lindy Bros. Builder, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973) ("[T]he court may find that the reasonable rate of compensation differs for different activities.").

For his trial work, Puricelli will receive $635 per hour, pursuant to the fee schedule promulgated by Community Legal Services ("CLS") of Philadelphia for a lawyer of his experience. *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) ("The fee schedule

6

established by [CLS] has been approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia."). The $635 rate is appropriate in light of Puricelli's successful result in obtaining a $250,000 verdict for his client and his overall performance at trial.

As to Puricelli's pre-trial work, his rate will be $350 per hour – a rate that he has received in other civil rights litigation. *See McKenna v. City of Phila.*, 2012 WL 5269218, at *8 (E.D. Pa. 2012). The downward adjustment of his pre-trial billing rate to $350 rate is justified due to the poor quality of written work submitted to the Court. Puricelli's filings were littered with typos, and inaccurate citations to both case law and record evidence. Several portions of his briefs were incomprehensible and frequently included irrelevant legal argumentation. In one instance, this Court ordered Puricelli to re-submit briefing due to the lack of record citations. ECF No. 109. In another, Puricelli's reply brief in support of his fee petition was stricken due to the various *ad hominem* attacks he lodged against opposing counsel. ECF No. 107. Much of his reply brief gratuitously delved into the work history of opposing counsel, and needlessly criticized her career and lawyering aptitude. Accordingly, the hourly rates Puricelli received for his non-trial work in 2012 from *McKenna* will apply here.

Puricelli's time entries also indicate that some of his tasks included work that could have been completed by a paralegal. Charging either $635 or $350 per hour for such work would be unreasonable under the circumstances. *See Loughner*, 260 F.3d at 173; *see also Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995) ("We cannot condone the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals.") (internal quotation marks omitted). Consistent with the CLS fee schedule, the

Court will apply a rate of $115 per hour for work that could have been completed by a paralegal.[4] *See Maldonado*, 256 F.3d at 187. Because Puricelli block-billed entries where he performed both attorney and paralegal work, the Court draws the following inferences regarding the distribution of time for certain entries:

| *Date* | *Description*[5] | *Hours Billed* | *Hours Billed as Attorney* | *Hours Billed as Paralegal* |
|---|---|---|---|---|
| November 29, 2017 | **Copy exhibits** and review documents for examine of pltf & witnesses and cross of defendants | 8.4 | 7.4 | 1 |
| December 5, 2017 | **Work on Trial books, tab exhibits**, PSP pretrial memo & pts of charge in by ecf - print | 12 | 10 | 2 |
| December 6, 2017 | Trial prep, **work on P Exhibit books**; review withdrawal; review Defs' day's filings | 14.5 | 12.5 | 2 |
| December 11, 2017 | Trial prep. Order in & review on limine motions. **Print. Marshall bind** & review defs' trial exhibits. | 12.3 | 10.3 | 2 |
| December 27, 2017 | Prep Mo for hearing equity damages, **marshal costs exhibits**, edit pet for fees & costs | 3.6 | 2.6 | 1 |

In sum, **8 hours** of Puricelli's time will be treated as paralegal work.

---

[4] Defendants agree that any paralegal work "should be capped at no more than $140 per hour."

[5] The bolded font reflects tasks that could have been completed by a paralegal.

### c. Hours Reasonably Expended by Lehmann

Defendants' sole contention as to Puricelli's former associate, Lehmann, is that the hours spent in drafting the Complaint and First Amended Complaint were excessive. In July and August of 2016, Lehmann spent 12.9 hours to draft the first Complaint – 3.3 of which were devoted to "fil[ing] complaint, covers and disk portal to portal." The 3.3 hours spent to file the Complaint are excessive, and thus only 0.3 hours will be credited to Lehmann for filing it. However, the other 9.6 hours are a reasonable amount of time in drafting Plaintiff's eighteen-page Complaint, asserting claims against three Defendants and including various specific allegations of Acord's harassing conduct, as well as the PSP's purported failure to stop Acord's actions.

In drafting the First Amended Complaint, Lehmann billed 5.9 hours from November 10 to November 15. Three of those hours were described as "edit, conform and file amended complaint." The 5.9 hours were not a reasonable amount of time spent, considering the few changes between the First Amended Complaint and Complaint.[6] Accordingly, 3 hours shall be deducted from this task.

In sum, **6 hours** billed by Lehmann will be excluded as excessive.

### d. Reasonable Rate for Lehmann's Services

The Court shall apply a rate of $250 per hour to Lehmann's work in light of her 5 years' worth of experience at the time of litigation. This figure is taken from the fee schedule promulgated by CLS and is reasonable in this case. *See Maldonado*, 256 F.3d at 187. Defendants agree that this is an acceptable rate. ECF 100 at 9.

---

[6] The First Amended Complaint principally clarified the scope of Plaintiff's claims and added some factual allegations regarding the PSP's response to her sexual harassment complaint.

### e. Lodestar Calculation

After reviewing Puricelli's time entries and accounting for the exclusions above, the Court calculates the lodestar for Puricelli as follows:

| Task | Hours Billed | Rate | Total |
|---|---|---|---|
| Trial Work | 55 | $635/hour | $34,925 |
| Non-Trial Work | 405.4[7] | $350/hour | $141,890 |
| Paralegal Work | 8 | $115/hour | $920 |

After reviewing Lehmann's time entries and accounting for the exclusions above, the lodestar calculation for Lehmann is as follows: Lehmann billed a total of 34.6 hours. Her rate is $250 per hour, so her total is **$8,650**. The lodestar for Puricelli and Lehmann combined is therefore **$186,385**, which is presumed to be a reasonable fee. *Rode*, 892 F.2d at 1183.

### f. Lodestar Adjustment

"[T]he district court has the discretion to make certain adjustments to the lodestar." *See Rode*, 892 F.2d at 1183. Defendants seek a downward adjustment based on the limited success of Plaintiff's multiple claims, whereas Puricelli seeks an upward adjustment for various reasons.

#### i. Downward Adjustment

A lodestar may be downward adjusted if the amount "is not reasonable in light of the results obtained." *Rode*, 782 F.2d at 1183. "This general reduction accounts for time spent litigating wholly or partially unsuccessful claims that are related to the litigation of the successful claims." *Id*. Such an adjustment "should be taken independently of the other adjustments and should be the first adjustment applied to the lodestar." *Id*. An award for attorney's fees may not,

---

[7] The hours here include time entries from Puricelli's supplemental time sheets pertaining to post-trial motions.

however, be reduced "to maintain some ratio between the fees and the damages awarded." *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1042 (3d Cir. 1996).

Because Plaintiff ultimately prevailed on only her hostile work environment claim against the PSP, a downward adjustment is warranted. Plaintiff's initial Complaint and First Amended Complaint asserted nine claims against the PSP and Tinneny in total for various alleged violations of Title VII and the PHRA:

- Sex discrimination against the PSP under Title VII;
- Sex discrimination against the PSP under the PHRA;
- Retaliation against the PSP under Title VII;
- Retaliation against the PSP under the PHRA;
- Hostile work environment against the PSP under Title VII;
- Hostile work environment against the PSP under the PHRA;
- Aiding and abetting sex discrimination against Tinneny under the PHRA;
- Aiding and abetting retaliation against Tinneny under the PHRA; and
- Aiding and abetting hostile work environment against Tinneny under the PHRA.

The bulk of these claim s was dismissed at the motion to dismiss and motion for summary judgment stage. Trial proceeded on Plaintiff's hostile work environment claim under Title VII and the PHRA, and one "aiding-and-abetting" claim under the PHRA against Tinneny. Plaintiff prevailed on just her hostile work environment claim against the PSP. Plaintiff thus succeeded on one of two claims that went to trial.[8]

A 50% downward adjustment, then, is warranted to account for time spent litigating unsuccessful claims that were distinct from Plaintiff's otherwise successful hostile work environment claim. *See Washington*, 89 F.3d at 1044 (affirming 50% downward adjustment of lodestar due to plaintiff's "partial lack of success"). Plaintiff's three "aiding-and-abetting" claims turned on Tinneny's purported "direct acts of discrimination" or "failure to take action to

---

[8] A hostile work environment claim under the PHRA is interpreted coextensively with a Title VII hostile work environment claim. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). Accordingly, Plaintiff's hostile work environment claims under the PHRA and Title VII will be treated as one claim for purposes of the fee petition.

prevent further discrimination by an employee under supervision." *See Brzozowski v. Pa. Turnpike Comm'n*, 165 F. Supp. 3d 251, 263 (E.D. Pa. 2016). This claim was legally and factually distinct from Plaintiff's hostile work environment claim, which focused on the sexual misconduct of a fellow employee. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (enumerating elements of Title VII hostile work environment claim). Similarly, Plaintiff's failed retaliation and sex discrimination claims under Title VII and the PHRA implicated different legal elements and factual predicates.[9]

The Court otherwise declines Defendants' request to adjust the lodestar to maintain some unspecified form of proportionality between Plaintiff's award and Puricelli's fees. *Washington*, 89 F.3d at 1042.

*ii. Upward Adjustment and Contingency Multiplier*

The Court declines Puricelli's request for an upward adjustment based on (a) Defendants' purported delay in payment and (b) the quality of service rendered by Puricelli. The "district court can make an appropriate adjustment for delay in payment" and for the "quality of representation but only in very rare circumstances where the attorney's work is so superior an outstanding that it far exceeds the expectations of clients and normal levels of competence." *Rode*, 892 F.2d at 1184 (internal quotation marks omitted). Puricelli bears the burden of providing that an upward adjustment "is necessary to the determination of a reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 898 (1984).

An upward adjustment based on delay "is essentially equivalent to an award of interest." *Student Pub. Interest Research Grp. of N.J. v. AT&T Bell Labs.*, 842 F.2d 1436, 1453 (3d Cir. 1988). The fee applicant must proffer "carefully developed evidence of the costs to plaintiffs of

---

[9] Many of Plaintiff's PHRA claims against the PSP failed at the motion to dismiss stage on sovereign immunity grounds and because Plaintiff failed to adequately plead a sex discrimination claim. *Jones v. Pa. State Police*, 2016 WL 7404478 (E.D. Pa. 2016).

receiving the delayed payment for services." *Id*. (internal quotation marks omitted). Puricelli has given no such evidence and has instead speculated that some form of delay may occur without any factual support. Puricelli has not, for instance, included the "prevailing interest rates and market rates for attorneys' services" in his fee petition that would merit compensation for delay. *Id*. Accordingly, an upward adjustment based on delay is unwarranted.

Only in the "rare case" when a fee applicant "offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional'" will an upward adjustment be justified. *Blum*, 465 U.S. at 899. Given the poor quality of written work submitted to the Court, this is not the rare case where an upward adjustment would be proper.

The Court similarly denies Puricelli's request for a contingency multiplier. A contingency multiplier "is to compensate counsel for the riskiness of undertaking the litigation." *Rode*, 892 F.2d at 1184 (internal quotation marks omitted). Puricelli carries a "significant burden" to obtain a contingency multiplier, as it is granted "only in rare cases." *Id*. Puricelli has failed to satisfy this burden because his briefing merely states, in conclusory terms, that he is entitled to one. Puricelli does not otherwise address the four requirements that would merit a contingency multiplier: "(1) how the market treats contingency fee cases as a class differently from hour fee cases; (2) the degree to which the relevant market compensates for contingency; (3) that the amount determined by the market to compensate for contingency is not more than would be necessary to attract competent counsel both in the relevant market and its case; and (4) that without an adjustment for risk the prevailing party would have faced substantial difficulties in finding counsel in the local or other relevant market." *Id*. (internal quotation marks and citations omitted).

Applying the 50% downward adjustment to the lodestar amount of $186,385, the Court concludes that Puricelli is ultimately entitled to **$93,192.50** in attorney's fees.

### g. Costs

Puricelli seeks $8,875.40 in costs and has provided documentation in support of this request. Defendants have not rebutted this figure. Thus, **$8,875.40** shall be awarded to Puricelli for costs.

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**

**Date: May 11, 2018**